# CHARLESTON.

## GOOCH *v.* FRENCH.

Submitted January 21, 1902.   Decided November 22, 1902.

1. WILL.

   I. G. G. died intestate leaving surviving him a widow, his mother, a brother and two sisters. L. G. F. one of the sisters died leaving a will with a codicil, which codicil contained this provision: "I bequeath the interest in my brother I. G. G.'s estate to my mother if she does not get enough from said estate to make her comfortable in every way. I leave all in her hands as long as she lives, to use whatever amount she wants to add to her comfort in every way. If there is anything left and my husband is not in a prosperous condition, financially, I want him to have it to add to his comfort." The said provision of the codicil in so far as it provided for the mother of the testator being conditional on the needs of the mother who died before using or needing any of the estate under the codicil;. *Held:* The contingency mentioned never having arisen, the said provision in the codicil, so far as it concerned the mother, never went into effect.   (p. 32).

Appeal from Circuit Court, Mercer County.

Bill by Thomas C. Gooch against J. M. French.   Decree for plaintiff, and defendant appeals.

*Reversed.*

J. W. HALE, for appellant.

DOUGLASS & McGRATH, for appellee.

McWHORTER, JUDGE:

Lucy Gooch French made her will as follows: "I, Lucy Gooch French, being of sound mind and disposing memory, and view of the fact that I am about to have a severe operation performed upon me, which will be attended with more or less danger, do make and constitute this my last will and testament, hereby revoking all other wills heretofore made by me. First. I will all my interest in coal, mineral and timber lands situate in the Co. of Wyoming, West Va., to my husband, James M. French, charging the said coal, mineral and timber lands

with the education and maintenance of my beloved niece, Lucy Thurman McCue, and my said husband has full power to sell and convey said coal and timber lands, or any part thereof, for the purpose of carrying out the above charge, and in case he chooses to educate and maintain my said niece without selling said coal and timber lands, then he has the fee simple estate in same vested in him for his sole use and benefit. Second. I want Mary Taylor to have $100.00 for faithful services rendered to me. 3d. I will whatever else I have to my said husband to be disposed of as he may deem right and proper. 4th. I hereby "command" my spirit to that God who gave it, trusting however that said operation may be successful, that I may be restored to my loved ones.

Lucy Gooch French.    (Seal).

B. C. Miller.

*May, Wednesday, 19th, '93.*

(codicil.)

I wrote a will some time ago; I now write this, a codicil to that will:

I bequeath the interest in my brother I. G. Gooch's estate to my mother if she does not get enough from said estate to make her comfortable in every way, I leave all in her hands as long as she lives to use whatever amt. she wants to add to her comfort in every way, if there is anything left and my husband is not in a prosperous condition financially I want *"her"* to have it to add to his comfort I want my mother to live with Mattie whenever she may deem it best. I know Mattie—look after and make her comfortable.

I want her to take Mary Taylor to wait on my mother as long as she lives and be tender and careful, give her all my clothes that she will need to add to her comfort. My watch and ring Mary Cason has, I leave to my husband and anything else that he may want. I write this as my last will and testament. My niece Lucy McCue I want to stay with my mother when she is not at school, if my husband does not take my coal land in hand at the right time I want Chas. McCutt or Wilt Straley to take it in hand that she, Lucy may realize in time to oppropriate to her education. I am suffering.

Lucy Gooch French.

Oct. 19, 1893."

Thomas C. Gooch, the brother of testatrix in his own right and as administrator of I. G. Gooch, deceased, filed his bill in the circuit court of Mercer County for the purpose of having the codicil to said will construed as to the disposition of the interest of the testatrix in her brother I. G. Gooch's estate. The husband of the testatrix, James M. French, being a non-resident was proceeded against by order of publication. On the 27th of February, 1900, the cause was heard upon the bill and exhibits, 'when the court held that under the will and codicil thereto of Lucy Gooch French, filed with the bill "The property or money now in the hands of the plaintiff as adminis- trator of I. G. Gooch, and which originally belonged to the said Lucy Gooch French, and which was inherited by her from the said I. G. Gooch and which is referred to in said codicil passed to the mother of the said Lucy Gooch French; and that it now belongs to her estate, doth so adjudge, order and decree." And then provided in said decree that plaintiff retain in his hands the costs of the suit out of the funds so decreed to the estate of Lucy Gooch French's mother and pay the residue to the parties entitled thereto. On the first day of June, 1901, the defendant James M. French appeared and filed his petition praying that the said decree be reheard and reversed and set up his claim to the property so decreed to be distributed as being entitled to the same as the husband of the testatrix, alleging that the said mother of Lucy Gooch French did not need the interest of said testatrix in the estate of I. G. Gooch, to make her comfortable in every way; and that when the mother died she left an estate of a very considerable amount and that she died long before the said estate of I. G. Gooch paid anything, and alleging that petitioner, was not "In a prosperous condition, financially at the time of the death of testatrix's mother as his real estate had at that time been sold to pay judgments against him, his realty and personalty were both exhausted and he left in debt and was still in debt. He also filed his demurrer and answer. An exception was filed to said answer by the plaintiff Thomas C. Gooch, administrator on the ground that it presented no defence to plaintiff's bill and no reason why the final decree mentioned in the answer should be set aside; that the codicil appended to the will of Lucy Gooch French, which the suit was brought to construe, gave

to her mother, Mary J. F. Gooch "The full estate and interest in the funds and property inherited by her from her brother I. G. Gooch and the defendant James M. French did not at— time or to any extent get one cent of it." On the 14th of August, 1901, the cause was finally heard upon the papers formerly read, and upon plaintiff's exception to defendant's answer, which had been set down for argument. Upon consideration the court was of opinion that said answer set up no defense to plaintiff's bill and sustained the exception and dismissed defendant's petition and gave judgment against him for costs, from which decree defendant appealed. The only question presented in the case is as to what the testatrix intended by the first part of the codicil to the will. It is contended by appellee that by the said codicil the testatrix intended to make a radical change in her will; that by the will she had given all her property that she then had to her husband, charging it with the education of her niece, Lucy Thurman McCue, and a bequest of one hundred dollars to Mary Taylor not mentioning her mother in her will, claimed that the words "I bequeath the interest in my brother, I. G. Gooch's estate to my mother," makes a full and complete sentence vesting in her mother full and complete title of her interest in her brother's estate; and that the language which follows gives to the mother all the balance of her property in the event she failed to get enough out of the I. G. Gooch estate to make her comfortable in every way. Appellee contends that the codicil means the same as though it had been expressed as follows: "I bequeath the interset in my brother, I. G. Gooch's estate to my mother, and if she does not get enough from said estate to make her comfortable in every way, then I leave all my property in her hands as long as she lives to use whatever amount she wants to add to her comfort in every way and if there is anything left at her death and my husband is not in a prosperous condition financially, I want him to have it to add to his comfort." This cannot be the case as she is clearly in that part of the codicil dealing only with her interest in the estate left by her brother, I. G. Gooch. Her mother was also in her own right a beneficiary in the estate of her son, I. G. Gooch and the language used by testatrix "If she does not get enough from said estate to make her comfortable in every way" clearly has reference to

what the old lady was entitled to in her own right from said estate, and the words "I leave all in her hands so long as she lives to use whatever amount she wants to add to her comfort in every way, if there is anything left and my husband is not in a prosperous condition financially I want *'her'* to have it to add to his comfort," can only refer to the interest of the testatrix in the estate of her brother, and if there could be any doubt from the language used in this part of the codicil that she did not mean to leave in her mother's hands all the property of which she died seized the last part of the codicil would remove such doubt. Where it is said, "If my husband does not take my coal land in hands at the right time I want Charles McCutt or Wilt Straley to take it in hand, that she, Lucy, may realize in time to appropriate to her education." this clearly shows that she still intended her husband to have the coal and timber lands mentioned in the will. As to the pronoun "her" used in that part of the codicil last above quoted, for the pronoun "him," it is so obviously a "slip of the pen" it is not seriously contended that "him" was not intended. Appellee relies principally on the case of *Milhollen* v. *Rice,* 13 W. Va. 510. The language there construed, as far as it relates to personal property is as follows: "I desire that the principal part of my estate be sold or so much thereof as will satisfy and pay all my just debts and funeral expenses; and that balance of said property to remain on the plantation for the benefit of my wife, Eleanor Milhollen, to use or dispose of at her discretion during her natural life and also to have the right of disposal at her death." There is no remainder provided for in that will, as to the personal estate and it was specially provided that she might use or dispose of the same at her discretion, and was also given the power of disposal of the same at her death. In case under consideration the mother was only given the interest of testatrix in her brother's estate to use during her life, remainder to testatrix's husband, and this provision was strictly conditioned on the contingency that the mother so provided for shall need the same for her comfort while living, and this contingency never having arisen; the mother having died before the necessity for the use of any of the estate so provided for her benefit arose, that provision of the codicil never

went into effect and the husband takes, under the will and codicil.

The decree of the circuit court must be reversed and the cause remanded for further proceedings to be had therein, pursuant to the rulings herein, and according to the principles governing courts of equity.

*Reversed.*